___ FILED     ___ RECEIVED
___ ENTERED   ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

APR 15 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-040-JAD-CWH |
| Plaintiff, | **Amended Preliminary Order of Forfeiture** |
| v. | |
| ROBERT WILLIAM SURDEL, | |
| Defendant. | |

This Court finds Robert William Surdel pled guilty to Counts One and Two of a Two-Count Criminal Indictment charging him in Count One with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and in Count Two with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Criminal Indictment, ECF No. 1; Change of Plea, ECF No. 31; Plea Agreement, ECF No. 32.

This Court finds Robert William Surdel agreed to the forfeiture of the property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Criminal Indictment. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. 29; Change of Plea, ECF No. 31; Plea Agreement, ECF No. 32.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Criminal Indictment and the offenses to which defendant Robert William Surdel pled guilty.

The following property is (1) any visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation

of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B) and (2) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(2) and 2252A(a)(5)(B) or any property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1) and 2253(a)(3):

1. Samsung Galaxy S6 SM-G920P cell phone, bearing IMEI 990005789968105;
2. LG Tribute 5 LS675 cell phone, bearing IMEI 356948071906051;
3. Apple iPhone 5S A1453 cell phone, bearing IMEI 352029060646224;
4. Dell Venue 3730 Tablet, bearing S/T CT1NHZ1;
5. Toshiba AT300 Tablet, bearing S/N 4C216495R;
6. Western Digital Element external HDD, bearing S/N WCAZA5461008;
7. HP Pavilion G6 Laptop, bearing S/N 5CD2411007;
8. Toshiba Hard Drive MQ01ABD075, bearing S/N 9254C05JT;
9. Samsung Galaxy tablet (white), model # SM-T113, s/n: R52J711519A; and
10. Samsung Galaxy S III cell phone, model SGH-i747, s/n: R31D51B4PEM

(all of which constitutes property).

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Robert William Surdel in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet

government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

        Daniel D. Hollingsworth
        Assistant United States Attorney
        501 Las Vegas Boulevard South, Suite 1100
        Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED __Apr. 15__, 2019.

_____
HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE